Modified.

27 C.C.P.A. (Patents)

## GENERAL SHOE CORPORATION v. FORSTNER CHAIN CORPORATION.

### Patent Appeal No. 4327.

Court of Customs and Patent Appeals.
July 8, 1940.

Hirsch, Smith & Kilpatrick and Ernest P. Rogers, all of Atlanta, Ga., and Browne & Phelps and Thomas L. Mead, Jr., all of Washington, D. C., for appellant.

Herbert J. Jacobi, of Washington, D. C. (George C. Baldt, of Washington, D. C., of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's petition for the cancellation of appellee's trade-mark registration No. 349,267, issued August 24, 1937 on an application, No. 390,205, filed March 18, 1937 under the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq.

Appellee's mark consists of the word "Fortune," and, according to the registration, is for use on "Key chains, watch chains, tie holders, collar pins, collar holders, necklaces, bracelets; and cuff buttons, and shirt studs made of or plated with precious metal, and wrist watch bracelets."

In its petition for cancellation appellant alleged that it was the owner of the trade-mark "Fortune," for use on "boots, shoes and slippers of leather, fabric or combinations thereof"; that it adopted its trade-mark about September 22, 1932, and has since continuously advertised it and used it in connection with the sale of its boots, shoes, and slippers; and that the mark has become well known by the public.

It appears from the record that appellee has used its mark on its goods since December 23, 1936.

In view of the fact that appellant is the prior user of the word "Fortune" as a trade-mark, the sole issue in the case, the marks being identical, is whether the goods of the respective parties possess the same descriptive properties. If they do, appellant's petition for cancellation should have been sustained. If they do not, the tribunals of the Patent Office were not in error in dismissing the petition.

It is obvious from the record that, although the goods of the parties are sold at times in the same stores, they are not competitive, appellee's goods being articles of jewelry and appellant's goods being boots, shoes, and slippers of leather, fabric, or combinations thereof.

Many cases are cited and reviewed in the brief of counsel for appellant in an effort to establish that the goods of the parties possess the same descriptive properties.

We have given careful consideration to all of the decisions cited as well as the arguments presented here by counsel for appellant, but are unable to hold that appellee's articles of jewelry are goods of the same descriptive properties as appellant's boots, shoes, and slippers, although the goods of the parties are at times sold in the same stores.

We find nothing of record to indicate that the purchasing public would be likely to believe that appellant's boots, shoes, and slippers, on the one hand, and appellee's articles of jewelry, on the other, were manufactured by the same concern.

We are of opinion that the issues here involved are akin to those involved in the cases of Mohawk Milk Products Company, Inc. v. General Distilleries Corporation, 95 F.2d 334, 25 C.C.P.A., Patents, 990, and Carnation Co. v. California Growers Wineries, Inc., 97 F.2d 80, 25 C.C.P.A., Patents, 1277, wherein it was held, in the Mohawk Milk Products Company, Inc. case, that gin and canned milk and cream, although beverages, were not goods possessing the same descriptive properties and, in the

Carnation Co. case, that condensed milk and other "milk products" and wines and brandies were not goods of the same descriptive properties.

Although it is now and always has been the policy of this court to give the language "merchandise of the same descriptive properties," used in section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 85, a liberal interpretation in order to effectuate the purpose of the act, we are not prepared to hold that boots, shoes, and slippers, on the one hand, and articles of jewelry such as those hereinbefore enumerated, on the other, are goods possessing the same descriptive properties.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

GARRETT, Presiding Judge, took no part in the consideration or decision of this case.